DAVID STEINER, Respondent, *v.* FOURTH PRESBYTERIAN
CHURCH, THIRTY-FOURTH STREET, Appellant.

REAL PROPERTY — DEFECT IN TITLE — WAIVER OF, BY VENDEE. A
waiver of a defect in the title of land by a vendee who had made a con-
tract for its purchase several months before, but by decision of a court on
agreed facts has been relieved from his obligation to take the land, must
be deemed to relate back to the time when the contract was required to be
completed and stand as of that date, so as to make him liable for the
expense of preserving the property in the meantime, though he had not
been in possession of it.

*Steiner* v. *Fourth Presbyterian Church*, 17 App. Div. 500, reversed.

(Argued February 16, 1900; decided March 27, 1900.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the first judicial department, entered May
21, 1897, affirming a judgment in favor of plaintiff entered
upon a verdict, and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*Henry Thompson* for appellant. The plaintiff upon his
own showing made out no cause of action for money had and
received to plaintiff's use. (*Carpenter* v. *Stillwell*, 3 Abb. Pr.
459; *Dumois* v. *Hill*, 2 App. Div. 525, affg. *Dumois* v.
*Hill*, 11 Misc. Rep. 242; *Dieckerhoff* v. *Alder*, 12 Misc. Rep.
445; *Fox* v. *McComb*, 63 Hun, 633.) Plaintiff could not,
even in equity, in an action for specific performance, compel
defendant to bear the added expenses of carrying the title for
seven months; but, on the contrary, the delay having been
occasioned by his refusal to take title, March 1, 1894, when
he finally concluded to waive his objection and accept the
the deed, which defendant at all times was ready and willing
to deliver, he should himself bear the interim expenses. (*Day*
v. *Hunt*, 112 N. Y. 191; *Haffey* v. *Lynch*, 19 N. Y. Supp.
59; Story's Eq. Juris. § 742; 3 Pom. Eq. Juris. 446; *Merchants'*
*Bank* v. *Thomson*, 55 N. Y. 12; *Hubbell* v. *Von Schoening*,
49 N. Y. 331; *Voorhees* v. *De Meyer*, 2 Barb. 37; *Dias* v.

*Glover,* 1 Hoff. Ch. 71; *Worrall* v. *Munn,* 53 N. Y. 185.) Where specific performance of a contract for the sale of land is decreed, the court will, so far as possible, place the parties in the same position they would have been in if the contract had been performed at the time agreed upon. (*Bostwick* v. *Beach,* 103 N. Y. 414; Fry on Spec. Perf. 481, 483, 889; *Dias* v. *Glover,* 1 Hoff. Ch. 71; Story's Eq. Juris. § 789; *Worrall* v. *Munn,* 38 N. Y. 137.) There was no express contract to pay back the money received on the delivery of the deed. Plaintiff was in duty bound, if he desired to take the property after the expiration of seven months from the contracted time, the delay having been occasioned by his objection, and the litigation instigated by him, to pay the interest on the mortgage and the other expenses. (*Burke* v. *Witherbee,* 98 N. Y. 562–565; *Tate* v. *McCormick,* 23 Hun, 218; *Martine* v. *Huyler,* 8 N. Y. Supp. 734.)

*Emanuel J. Myers* for respondent. Upon agreement to convey on payment of a consideration named, the acts of the vendor and vendee are reciprocal and concurrent, and without full performance by the vendor, the vendee cannot be placed in default, without which no interest will accrue on the unpaid purchase price. (*Dyker M. L. & I. Co.* v. *Cook,* 159 N. Y. 6; *Darrow* v. *Cornell,* 30 App. Div. 115; *Vought* v. *Williams,* 120 N. Y. 253; *Irving* v. *Campbell,* 121 N. Y. 353; *Moore* v. *Williams,* 115 N. Y. 586; *Carman* v. *Pultz,* 21 N. Y. 547; *Leaird* v. *Smith,* 44 N. Y. 618; *Hoag* v. *Parr,* 13 Hun, 95; 2 Dart's Law of Vend. & Pur. [5th ed.] 627, 628; *Mitchell* v. *Bartlett,* 52 Barb. 319; *Bostwick* v. *Beach,* 103 N. Y. 414.) Until judgment was entered in due form the vendor's agreement remained in full force, unimpaired by the finding or opinion of the court upon the submission as to the marketability of the title. (*McKeon* v. *See,* 51 N. Y. 300; *Niendorff* v. *M. Ry. Co.,* 150 N. Y. 276; *Springer* v. *Bien,* 128 N. Y. 99; *Lance* v. *Shaughnessy,* 86 Hun, 411; *Robinson* v. *N. Y., L. E. & W. Ry. Co.,* 64 Hun, 41; *Houston* v. *Williams,* 13 Cal. 24; *Croswell* v. *Byrnes,*

9 Johns. 287; *Child* v. *Morgan,* 52 N. W. Rep. 1127; *Whit-well* v. *Emory,* 3 Mich. 84; *Newbould* v. *Stuart,* 15 Mich. .155.) The learned trial justice did not err in refusing to charge the defendant's requests to instruct the jury. (*Hopkins* v. *Clark,* 158 N. Y. 299; *McKeon* v. *See,* 51 N. Y. 300; *Mansfield* v. *N. Y. C. & H. R. R. R. Co.,* 114 N. Y. 331; *Schwinger* v. *Raymond,* 105 N. Y. 648; *W. C. R. R. Co.* v. *Feldstein,* 169 Ill. 139; *Pierce* v. *Walters,* 164 Ill. 565.)

HAIGHT, J. The appellant, a religious corporation, instituted proceedings in the Supreme Court for leave to sell its real estate on Thirty-fourth street in the city of New York, and in such proceedings, with the approval of the court, it entered into a contract with the plaintiff to sell and convey to him such real estate in consideration of the sum of one hundred and ninety thousand dollars ($190,000), the deed to be delivered and the purchase price paid on the first day of March, 1894. When the time for completing the purchase arrived it was found that restrictive covenants were connected with the defendant's title, and thereupon the parties in writing agreed to a postponement of the transfer until the 20th day of March, 1894, the "settlement to be then made as of March first, 1894." During the interval the parties further agreed to submit to the General Term of the Supreme Court, upon an agreed statement of facts pursuant to sections 1279 and 1281 of the Code of Civil Procedure, the question as to whether the restrictive covenants under which the defendants held title was an incumbrance upon the premises. In the meantime settlement remained in abeyance without further adjournment. In June following the General Term rendered its decision to the effect that the plaintiff could not be compelled to perform the contract and that he was entitled to recover the money that he had paid thereon, with interest and costs. (79 Hun, 314.) No judgment, however, was ever entered upon this decision. On the 12th day of October, 1894, the parties again met pursuant to appointment to close

the contract, the plaintiff then announcing that he was willing to accept the title notwithstanding the decision of the General Term ; but a dispute arose as to whether the transaction should be closed as of March 1st or October 12th, and as to whether the plaintiff should be charged with the watchman's services, insurance, interest, etc., accruing between those dates. Those representing the church contended that they had no authority to enter into a new contract for the sale of the property, and that if the plaintiff wished the property he must take it under the contract approved by the court as of the date fixed by that contract; if he did not, they stood ready to return to him the money paid upon the contract, with interest. The plaintiff claimed that the title was defective ; that he was not required to take title under the contract on the day fixed therein ; that he had not had possession of the property and was not responsible for the delay, and that, consequently, the expenses referred to should be borne by the church. He, however, finally concluded to pay the charges demanded and took the title as of the 1st day of March, with the understanding, as he claimed, that the payment should not be deemed voluntary and that the question of his liability to pay such charges should be determined by the court. This action was accordingly brought, and no question is made with reference to the amount of, or the necessity for, such charges.

At the conclusion of the trial, the defendant's counsel requested the court to charge that "upon the undisputed facts of the case it appears that the defendant offered, on the 12th of October, to carry out the original contract as of the date of March 1st, 1894 ; that the plaintiff had the right either to accept or reject the offer ; that by taking the deed and bearing the expenses of carrying the title from March 1st to October 12th, 1894, plaintiff must be held to have accepted the proposition of the defendant, and neither party is now at liberty to withdraw from the agreement thus concluded." Also, " that if the contract was carried out on the 12th day day of October, 1894, as of the 1st of March, 1894, the plaintiff would be required, under the terms of the contract, to

bear the expenses of carrying the property from March 1st to October 12th, 1894." Also, "that the plaintiff has made out no cause of action against the defendant." And finally, "that upon all the facts of the case the plaintiff's complaint should be dismissed." These requests were severally refused by the court, and an exception was taken to each by the defendant.

We think the rulings excepted to were erroneous, and that the judgment must be reversed. The evidence is without substantial dispute, except as to the claim of the plaintiff that it was understood that the payment of the interest, insurance and watchman should not be deemed voluntary, and as to that we shall assume the facts to be as testified by the plaintiff. It is clear that no new contract was entered into between the parties. The only contract between them for the sale of the premises approved by the court required the money to be paid and the deed delivered on the 1st day of March, 1894. It may be, as claimed by the plaintiff, that he was not obliged to take the title tendered by the defendant. It appears that the General Term so held, but no judgment upon that decision has been entered, and we, consequently, have no adjudication that there was a defect in the title; but assuming that there was, the plaintiff elected to waive the defect and to take the title, and this he of necessity did under the contract. By the terms of that contract he was required to pay for the premises and take the title on the first day of March. Under the adjournment to the 20th of March he agreed that the settlement should be made as of March 1st. The submission of the question of the title to the General Term upon the facts agreed upon, did not change the force or the effect of the agreement to sell and convey to him; it furnished him with an authority for annulling the contract, but he did not conclude to avail himself of it and by demanding the title under the contract he waived the defects, and in so doing he became bound by the contract with the same force and effect as if no defects existed. The learned Appellate Division, in the prevailing opinion, appears to have considered that the

defendant was in default in not tendering the plaintiff a perfect title on the day named in the contract and that the plaintiff was free from fault. The difficulty with this conclusion is that if there was a defect in the title, the plaintiff waived it. It is true he did not waive it at the time fixed for passing the title, but he did waive it on the 12th of October following, without any new agreement in any respect modifying or changing the contract. His waiver, therefore, must be deemed to relate back to the time when the contract was required to be completed and stand as of that date. He could not postpone his election to take or reject the title, thereby retaining the use of his money and compelling the defendant to be at the expense of preserving the property without reimbursement. If he could do so for eight months he could do so for a year or some longer period. Such a rule would be most unjust and we think has no existence.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

GRAY, O'BRIEN, LANDON, CULLEN and WERNER, JJ., concur; PARKER, Ch. J., not sitting.

Judgment reversed, etc.