### HEIM v. SCHWOERER et al.

(Supreme Court, Special Term, New York County. June, 1906.)

1. JUDICIAL SALES—VALIDITY—TITLE OF SELLER.

In determining the sufficiency of the title conveyed at a judicial sale, the court will exercise its discretion in favor of the purchaser to a greater degree than if the transaction had been only between the parties.

[Ed. Note.—For cases in point, see vol. 31, Cent. Dig. Judicial Sales, § 99.]

2. SAME.

Under a judicial sale of premises free and clear of all restrictions and incumbrances, a provision in a deed 70 years old that the party of the second part will not permit on the premises any manufacturing trade, business, or calling whatsoever which may be in any wise dangerous, noxious, or offensive to the neighboring inhabitants, constituted an incumbrance invalidating the sale.

Action by Annie Heim against Anthony Schwoerer and another. On motion by the plaintiff to compel one Rudolph L. Blumenthal to complete his purchase of premises known as No. 117 South Street, Borough of Manhattan, New York City. Motion denied.

Henry C. Botty, for the motion.

Charles Schwick (Charles Schwick and Charles E. Stern, of counsel), opposed.

GIEGERICH, J. On the 8th of May, 1906, Maurice Rapp, as referee, sold the premises in suit under an interlocutory judgment in partition and sale to Rudolph L. Blumenthal, who became the purchaser at the price of $18,150. In accordance with the terms of sale the said purchaser made immediate payment of 10 per cent. and also the auctioneer's and salesroom fees. Under the terms of sale the premises were sold free and clear of all restrictions and incumbrances, except certain taxes and water rates, amounting to about the sum of $50. That after the purchase Mr. Blumenthal engaged an attorney to examine title, who discovered that one Thomas E. Davis had sold the premises in question, with other property, to Philip Hone in the year 1836, and that such deed remains of record in Liber 351 of Conveyances, p. 355. It further appears that after the sale of the property to Hone it was divided into a large number of lots, one of which constitutes the premises in controversy. In this deed the grantor covenants for himself, his heirs and assigns, to and with the said Philip Hone, his heirs, executors, and administrators, that the party of the second part nor his heirs or assigns will erect or permit upon any of said premises "any slaughter house, tallow chandlery, smith shop, forge furnace or brass foundry, nail or other iron factory, or any manufactory for the making of glass, starch, glue, varnish, vitriol, turpentine or ink for tanning, dressing, preparing and keeping skins, hide or leather, or any distillery, brewery or sugar bakery, coopers and carpenter or cabinet makers, or any other manufacturing trade, business or calling whatsoever which may be in any wise dangerous, noxious or offensive to the neighboring inhabitants." On the day when the title was to be closed the purchaser objected to the title, and an adjournment was taken to June 1, 1906, and on that day the deed was tendered by the referee to the purchaser, who refused to take the same, claiming that the title was imperfect, and asked that he be released from the purchase for the reasons that by the terms of sale, as he supposed, he bought the property free and clear from all restrictions, and, in view of the restrictive clause contained in the deed by Thomas E. Davis, which runs with this property, the title offered him was not free and clear, but incumbered by the restrictive covenant above mentioned.

This purchase having been made at a judicial sale, the court will exercise its discretion in favor of the purchaser to a greater degree than if the transaction had been only between the parties. Haberman v. Baker, 128 N. Y. 253, 255, 28 N. E. 370, 13 L. R. A. 611; Holly v. Hirsch, 135 N. Y. 590, 598, 32 N. E. 709. In my opinion the restricted covenant is an incumbrance upon the property such as to render it unmarketable and defective. I am quite well aware that the character of the neighborhood where this property is situated has materially changed from what it was in 1836, and while it may be that no action could be successfully maintained to restrain the owner making any reasonable use of the same on the ground that the covenant would become obsolete, still, as was said in Fourth Presbyterian Church v. Steiner, 79 Hun, 314, 318, 29 N. Y. Supp. 488, reversed upon another point, 162 N. Y. 322, 326, 56 N. E. 985:

"Nevertheless the damages sustained by the violation of the covenant might be recovered at law by the owners of the adjoining lots to which this negative

easement created by the covenant has attached. * * * In case an action should be brought by a lot owner to restrain the violation of the covenant and recover damages for its violation, and the facts should be found as stated in the submission, and no others, equitable relief would be refused and the damages awarded would be nominal. However, whoever owns the lot in question will be exposed to actions by the owners of the adjacent lots, either for purpose of enforcing the performance of the covenants restraining their violation or for damages. This is not the kind of title that a purchaser under his contract is entitled to receive. * * * The covenants contained in the deed constitute such an incumbrance upon the title that the defendant should not be compelled to perform his contract and is entitled to recover the sum which he has paid on the contract, with interest."

In Reynolds v. Cleary, 61 Hun, 590, 16 N. Y. Supp. 421, a case very similar, it was held that in the absence of evidence sufficient to exclude the probability of future litigation to compel observance of the covenant that the same constituted an incumbrance on the premises. In the case at bar the papers failed to disclose any facts which would warrant a finding that the purchaser will not be subject to litigation in the future by reason of the covenants in suit. While there has undoubtedly been a change in the character of the neighborhood where the property in question is situated, no proof has been adduced that the covenant in question had been violated by the owners of any of the lots affected by it.

The papers do not disclose that the purchaser has in any way waived the objections that he originally made, and I therefore conclude that this motion should be denied, with $10 costs to be paid by the plaintiff, the moving party, to the purchaser. The latter is therefore relieved of his purchase, and the referee is directed to repay to him the amount paid him upon the execution and delivery of the terms of sale. Motion disposed of as above indicated. Settle order on notice.